IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LOUIS E. WILLIAMS | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO. 3:10-CV-105 CDL-MSH |
| | : |
| ATHENS IMPORT AUTO REPAIR, | : |
| *et al.* | : |
| | : |
| Defendants. | : |

## RECOMMENDATION OF DISMISSAL

Plaintiff Louis E. Williams, *pro se*, brings this action against multiple named Defendants wherein he claims, *inter alia*, that his automobile was stolen and "switched" for another vehicle by said Defendants. (Compl. 10, ECF No. 1.) Because the Court lacks subject matter jurisdiction to entertain Plaintiff's case, Plaintiff's Complaint must be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(h)(3).

## INTRODUCTION

Plaintiff filed his Complaint on December 17, 2010, against the Athens Import Auto Repair, Welcome Automotive Services Complete Auto Repair Shell and Texaco, Welcome Auto Pantry, Better Business Bureau, Inc., Euro Star European Auto Sales and Service, Hector del Campo, John Maring, Bobby South, Owner Phillips 66, Oldham Wrecker Service, Douglas Oldham, Jerry Towing Service, Larry Baumwald Insurance Agency, Inc., William Lockhorn of the Omni Insurance Group, Inc., Athens Discount Tire and Complete Auto

Repair, Service Writer Gabriel and Service Tech Tony.[1] (Compl. 2,3.) In his thirty-one page Complaint, Plaintiff appears to claim that upon taking his automobile in for a repair, Defendants stole his vehicle and tag number, and then switched the vehicle for a "lemon." (Compl. 10, 19.) He further claims that "Jim and Darrel and their mechanics" forced him to pay $1,572.84 for parts that were put on the switched vehicle. (*Id.* at 17.) Plaintiff also alleges that the Defendants have stolen clothing, "togs", televisions, radios, cash, food, and vehicles from him. [2] (Compl. 11, 12.)

## DISCUSSION

"Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Congress has permitted the federal courts to exercise jurisdiction over diversity actions and cases raising a federal question. 28 U.S.C. §§ 1331, 1332. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772,

---

[1] Plaintiff also names as Defendants "et. als." To the extent that a person may be mentioned in the Complaint in passing but not specifically named as a defendant, the Court finds that those persons are not properly named defendants. While Court should construe *pro se* pleadings liberally, it is not the Court's duty to determine who exactly of the numerous mentioned persons are actually supposed to be defendants in Plaintiff's action.

[2] Plaintiff makes a separate claim that the Court has denied him access to the courts and violated his Fourteenth Amendment rights to equal protection and due process of the law by dismissing previous and unrelated civil actions filed in this court. (Compl. 27.) Following the filing of his Complaint, Plaintiff filed a "Memorandum of Law" wherein he demands that the Clerk of Court not dismiss another of his claims or he would "sue your dismissals." (Pl.'s Mem. of Law 4, ECF No. 4.) Because this claim does not involve the named defendants in this action, and the claim does not arise out of the same set of facts or circumstances, the Court has no jurisdiction to review the claim and the same will not be addressed.

777 (11th Cir. 2008) (per curiam) (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3)(emphasis added). The plaintiff bears "the burden to 'affirmatively allege facts demonstrating the existence of jurisdiction.'" *Beavers*, 265 F. App'x at 777 (quoting *Taylor*, 30 F.3d at 1367). The district court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and is obligated to do so " *sua sponte* whenever [subject matter jurisdiction] may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). If a district court determines that it lacks subject matter jurisdiction, it "is powerless to continue" and must dismiss the complaint. *Id.* Therefore, the face of Plaintiff's Complaint must demonstrate that the Court has subject matter jurisdiction to entertain his claims either by establishing diversity of citizenship or by raising a federal question.[3]

A review of Plaintiff's Complaint in this case reveals that he has alleged no diversity of citizenship with regard to the parties, as Plaintiff is a resident of the State of Georgia and each of the Defendant's addresses as listed in the Complaint is also found within the State of Georgia. "Absent diversity of citizenship, a plaintiff must present a substantial federal

---

[3] It should be noted that in the "jurisdictional statement" of Plaintiff's Complaint, he alleges that "[t]his law suite (sic) is an action invoking the Court's original jurisdiction, under Article III of the Constitution of the United States (28 U.S.C. § 1251 and U.S. Const., Amdt. 11.)" (Compl. 6.) However, 28 U.S.C. § 1251 establishes the types of cases over which the United States Supreme Court has original jurisdiction, and the Eleventh Amendment of the United States Constitution limits the power of federal courts to hear lawsuits against state governments brought by the citizens of another state or the citizens of a foreign country. The authorities cited by Plaintiff which he contends provide this Court jurisdiction over his claims are not relevant to this cause of action.

question in order to invoke the district court's jurisdiction." *Wyke v. Polk Cnty. Sch. Bd.,* 129 F.3d 560, 566 (11th Cir.1997). Further review of Plaintiff's claims allege, at the most, state law claims of conversion and fraud, and, as such, Plaintiff has failed to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331.[4] Thus, Plaintiff has not met his burden of establishing that the court has subject matter jurisdiction over his claims. Plaintiff's Complaint is therefore subject to dismissal.

Plaintiff asserts in his *In Forma Pauperis* application that he finished law school. (Appl. to Proceed in District Ct. Without Prepaying Fees or Costs 5, ECF No. 2.) This is Plaintiff's fourth action in this Court to be dismissed for failure to allege a cause of action that can properly be brought in this Court.[5] It is therefore recommended that, should the Court deem any future pleadings filed by Plaintiff to be legally or factually frivolous, Plaintiff will be considered to be a "vexatious litigant" and will be required to seek the Court's approval prior to filing another lawsuit.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(h)(3). Under 28 U.S.C. §

---

[4] Plaintiff filed a supplement to his complaint on January 5, 2011, which he claims "will answer a lot of necessary and indispensable issues." (Pl.'s Addendum to his Law Suite 4, ECF No. 5.) The supplement is merely a letter from the Better Business Bureau which references a complaint Plaintiff filed against Defendant Athens Import Auto Repair informing him that the business had filed a response to his complaint and that he would be able to file a reply. Nothing in the "Addendum" invokes the court's jurisdiction and, ultimately, does not alter the court's conclusions.

[5] The three previous case numbers are 3:09-CV-121(CDL); 3:09-CV-122(CDL); and 3:10-CV-81(CDL).

636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

So RECOMMENDED, this 7th day of January, 2011.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE
